# EXHIBIT C

LCV210072

CAUSE NO:_____

| | | |
|---|---|---|
| DESIREE CANTU,<br>*Plaintiff* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>Live Oak County - 36th District Cc |
| vs. | §<br>§<br>§ | AT LAW NO. _____ |
| KANIA HENRYK AND<br>BARR NONE COATING APPLICATORS<br>INC,<br>*Defendants* | §<br>§<br>§<br>§ | <br><br>LIVE OAK COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION,
TRCP 193.7 NOTICE OF SELF-AUTHENTICATION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME DESIREE CANTU,** hereinafter referred to by names or as Plaintiff, and complain of **KANIA HENRYK AND BARR NONE COATING APPLICATORS INC,** hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

**I.
DISCOVERY CONTROL PLAN**

1. Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.
PARTIES**

2. Plaintiff **DESIREE CANTU (SSN xxx-xx-x543)** is an individual residing in Live Oak County, Texas.

3.  Defendant **KANIA HENRYK**, is an individual residing in Spartanburg County, South Carolina, and may be served with process at his residence, located at 251 Autumn Glen Dr., Spartanburg, South Carolina.

4.  Defendant **BARR NONE COATING APPLICATORS INC**, is a New Jersey Corporation and may be served with process through its principal agent at 151 Oak Glenn Rd. Howell, New Jersey 07731.

### III.
### JURISDICTION & VENUE

5.  Subject matter jurisdiction is proper in this court because the amount in controversy is within the jurisdictional limits of the court in which Plaintiff now sues. Additionally, this court has jurisdiction over the parties because Defendants are Texas residents and/or do business in the State of Texas.

6.  Venue is proper in Live Oak County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because a substantial party of the events or omissions giving rise to the incident made the basis of this lawsuit occurred in Live Oak County, Texas.

### IV.
### FACTS

7.  On or about September 16th, 2019, Plaintiff **DESIREE CANTU** was operating a 2017 Red Toyota Corolla in a lawful manner while traveling North in the right lane, on HWY 37 in Live Oak County, Texas. Defendant **KANIA HENRYK** who was operating a 2013 Black Ford F250 with an attached 2016 Green trailer owned by Defendant **BARR NONE COATING APPLICATORS INC** was operating both said vehicles in the course and scope of business with **BARR NONE COATING APPLICATORS INC**. Unexpectedly, with disregard for oncoming

traffic Defendant **KANIA HENRYK** pulled onto HWY 37 from the improved shoulder, as a result, Plaintiff **DESIREE CANTU** attempted avoid the collision but was unsuccessful and was struck by Defendant's trailer. As a result of the collision, Raul Garcia, an investigating officer with the Department of Public Safety was called to the scene, and after an investigation, found **KANIA HENRYK,** to be the at-fault driver and issued a citation for changing lanes unsafely.

## V.
## CAUSES OF ACTION AGAINST
## DEFENDANT KANIA HENRYK

### A. *NEGLIGENCE*

8. The occurrence made the basis of this suit, reflected in in the above paragraphs, and the resulting injuries and damages of the Plaintiff were proximately caused by the negligent conduct of the Defendant **KANIA HENRYK,** who operated the vehicles he was driving in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

   a. failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b. failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

   c. operating her vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

   d. failing to turn the vehicle in an effort to avoid the collision in question;

   e. failing to blow horn warning of imminent danger;

   f. following too closely;

   g. failing to maintain an assured, clear distance so as to avoid striking the vehicle in front of him; and

  h.  changing lanes unsafely in violation of TEX. TRANSP. CODE § 545.060.

  i.  Driving a vehicle in willful and wanton disregard for the safety of persons and property in violation of TEX. TRANSP. CODE § 545.401.

9. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

## B. *NEGLIGENCE PER SE*

10. Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, §545.060 and §545.401 pursuant to the Negligence Per Se Doctrine which mandates that:

### §545. 060 DRIVING ON ROADWAY LANED FOR TRAFFIC

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
  1. shall drive as nearly as practical entirely within a single lane; and
  2. may not move from the lane unless that movement can be made safely,
(b) If a roadway is divided into three lanes and provides for two-way movement of traffic, an operator on the roadway may not drive in the center lane except:
  1. if passing another vehicle and the center lane is clear of traffic within a safe distance;
  2. in preparing to make a left turn; or
  3. where the center lane is designated by an official traffic-control device for movement in the direction in which the operator is moving.
(c) Without regard to the center of the roadway, an official traffic-control device may be erected directing slow-moving traffic to use a designated lane or designating lanes to be used by traffic moving in a particular direction.
(d) Official traffic-control devices prohibiting the changing of lanes on sections of roadway may be installed.

### §545.401 RECKLESS DRIVING

(a) A person commits an offense if the person drives a vehicle in a willful and wanton disregard for the safety of persons and property

11. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

C. *GROSS NEGLIGENCE*

12. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

13. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT BARR NONE COATING APPLICATORS INC

D. *RESPONDEAT SUPERIOR*

14. Defendant **BARR NONE COATING APPLICATORS INC** is liable under the doctrine of respondeat superior in that **KANIA HENRYK** was operating the vehicle in the course and scope of his employment with **BARR NONE COATING APPLICATORS INC** Defendant **BARR NONE COATING APPLICATORS INC**, was also negligent in one or more of the following respects:

    a. negligent hiring;

    b.    negligent entrustment;

    c.    negligent driver qualifications;

    d.    negligent training and supervision;

    e.    negligent retention;

    f.    negligent contracting; and

    g.    negligent maintenance

### E. *GROSS NEGLIGENCE*

15. Defendant **BARR NONE COATING APPLICATORS INC** negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant **BARR NONE COATING APPLICATORS INC**, outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant **BARR NONE COATING APPLICATORS INC** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant **BARR NONE COATING APPLICATORS INC**, had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

16. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VII.
## DAMAGES

17. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in

nature. The injuries have had an effect on the Plaintiff health and well-being. As a further result of the nature and consequences of their injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

18. As a further result of all of the above, Plaintiff has incurred expenses for their medical care and attention in the past and may incur medical expenses in the future to treat their injuries.

19. Plaintiff DESIREE CANTU, has also suffered losses and damages to his personal property, including but not limited to damage to his vehicle for which he has never been compensated.

20. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

21. Plaintiff assert that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiffs peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seek monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VIII.
## INTEREST

22. Plaintiff further requests both pre-judgment and post-judgment interest on all their damages as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

23. Plaintiff demand a trial by jury. Plaintiff acknowledges payment this date of the required jury fee

## X.
## REQUEST FOR DISCLOSURE

24. Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose, within fifty (30) days of filling their original answer or general appearance, the information and material described in each section of RULE 194 and 195.

## XI.
## NOTICE OF SELF-AUTHENTICATION

25. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

26. The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: dhatcher-svc@tjhlaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff request that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and

further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages/profits in the past;
12. Loss of future wage earning capacity;
13. Property damage;
14. Loss of use;
15. Pre-judgment interest;
16. Post-judgment interest; and
17. Exemplary damages;

RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 985-0600;
FAX: (361) 985-0601

By: _____
David J. Hatcher
State Bar No. 24062771
*Attorneys for Plaintiff*
\*email: *dhatcher-svc@tjhlaw.com*
\*service by email to this address only

*\*Plaintiff designates the above-referenced e-mail address as the only e-mail address to be used for service via e-filing. Notice is hereby given that e-mails sent to any other e-mail address will not be accepted for the purposes of service in this cause. If e-filing is not currently available, then service will be designated in accordance with the Texas Rules of Civil Procedure.*

STATE OF TEXAS
COUNTY OF LIVE OAK

I, Melanie Matkin, District Clerk of Live Oak County, Texas, do hereby certify that the foregoing is a true and **correct copy of the original** record, now in my lawful custody and posses**sion, as appears of record** in Live Oak County District Court. Witness my hand and seal of office, this the _19_ day of _May_, 20_21_
Melanie Matkin, DISTRICT CLERK
Live Oak County, Texas
By:_____
                                    Deputy